1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  TAHEE ABD RASHEED,                          )        1:08-cv-01664 WMW (HC)
                                                )
10                        Petitioner,           )
                                                )        ORDER GRANTING PETITIONER LEAVE
11        v.                                    )        TO AMEND TO NAME PROPER
                                                )        RESPONDENT
12  BOARD OF PAROLE OF THE UNITED               )
    STATES,                                     )        ORDER DENYING PETITIONER'S
13                                              )        MOTION FOR INJUNCTIVE RELIEF
                          Respondent.           )
14  _____)        [Doc. #16]

15

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2254.

17
        On April 3, 2009, Petitioner filed a motion for injunctive relief seeking sanctions against

18  Respondent because of Respondent's failure to file any responsive pleadings within the time

19  specified by this Court's order dated January 14, 2009. [Docs. #10, 16].

20
                                        **DISCUSSION**

21
        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

22  of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears

23  from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing

24  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas

25  corpus should not be dismissed without leave to amend unless it appears that no tenable claim for

26  relief can be pleaded were such leave granted.  Jarvis arvis v. Nelson, 440 F.2d 13, 14 (9th Cir.

27  1971).

28

U.S. District Court
E. D. California                                     1

1    In this case, Petitioner names the Board of Parole of the United States as Respondent.

2  Petitioner is incarcerated at the Kern Valley State Prison located in Delano, California.  The

3  warden at that facility is Kelly Harrington.

4    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

5  having custody of her as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254

6  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

7  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

8  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

9  "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

10  1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However,

11  the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894;

12  Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his

13  probation or parole officer and the official in charge of the parole or probation agency or state

14  correctional agency. Id.

15    Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

16  lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326

17  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

18  However, the Court will give Petitioner the opportunity to cure this defect by amending the petition

19  to name a proper respondent, such as the warden of his facility. See West v. Louisiana, 478 F.2d

20  1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)

21  (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington,

22  394 F.2d 125 (9th Cir. 1968) (same).  In the interests of judicial economy, Petitioner need not file an

23  amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to

24  Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

25    Because the wrong Respondent has been named in this petition, the Court cannot grant

26  sanctions against the Board of Parole of the United States regardless of whether they followed the

27  Court's order. Petitioner's motion for injunctive relief is hereby DENIED.

28  ///

U.S. District Court
E. D. California

2

**ORDER**

Accordingly, Petitioner's motion for injunctive relief [Doc. #16] is hereby DENIED.
Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a
motion to amend the instant petition and name a proper respondent. Failure to amend the petition
and state a proper respondent will result in a recommendation that the petition be dismissed for lack
of jurisdiction.


IT IS SO ORDERED.

**Dated:**   **June 8, 2009**              **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE