*E-Filed 4/23/10*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TAHEE ABD RASHEED, | No. C 09-4651 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| KELLY HARRINGTON, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. His amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

In 1999, petitioner was convicted of grand theft property and burglary in the San Mateo County Superior Court, and was sentenced to an indeterminate term of twenty-five years to life in state prison. In the instant action, petitioner challenges that conviction.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The Court dismissed the original petition with leave to amend, petitioner having failed to state sufficient facts to show that his Fifth Amendment rights were violated, and that he has exhausted his state judicial remedies. (*See* Docket No. 26.) Petitioner has filed an amended petition[1] (Docket Nos. 29 & 31), yet he has failed to correct the deficiencies, and has alleged new claims unrelated to his conviction. In the amended petition, for example, petitioner challenges a state statute that allows state officials to classify petitioner as mentally ill, and detain him based on that classification. In the amended petition, petitioner mentions nothing whatever about his previous claims.

Petitioner having failed to comply with the Court's instructions, the action is DISMISSED without prejudice to petitioner filing an amended petition correcting the deficiencies of the initial petition. If petitioner wishes to seek relief on the claims put forth in his amended petition, he must file a new and separate action.

The action having been dismissed, petitioner's pending motions to amend (Docket No. 27), for the appointment of counsel (Docket No. 34), and asking the Court to order a mental and physical examination (Docket No. 35) are DENIED.

//
//
//
//

---

[1] Petitioner incorrectly labels this filing as a complaint.

1   This order terminates Docket Nos. 27, 34 & 35.

2   The Clerk shall enter judgment in favor of respondent and close the file.

3   **IT IS SO ORDERED**.

4   DATED:  April 22, 2010

    _____
    RICHARD SEEBORG
    United States District Judge

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Tahee Abd Rasheed
J-74120
aka J. E. Smith
B5-115L-CSP-S
Post Office Box 29-0066
Represa, CA 95671-0066


DATED: 04/23/2010

s/ Chambers Staff
Chambers of Judge Richard Seeborg

\* Counsel are responsible for distributing copies of this document to any co-counsel who have not registered with the Court's electronic filing system.